UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 13 |
| | Case No. 19-30367 |
| Vincent A. Tortorello | Judge A. Benjamin Goldgar |
| Debtor. | Hearing Date: January 10, 2020 |
| | Hearing Time: 11:00 A.M. |

### OBJECTION OF DIMON HOMES, LLC
### TO CONFIRMATION OF DEBTOR'S PROPOSED PLAN

NOW COMES Dimon Homes, LLC (hereinafter referred to as "Dimon"), a secured creditor herein, by and through its attorneys, Cohen Dovitz Makowka, LLC, and in support of its objection to confirmation of the Debtor's proposed Chapter 13 plan, states as follows:

1. This Court has jurisdiction pursuant to 28 U.S.C. Section 1334.

2. On October 25, 2019, Vincent A. Tortorello, the Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code.

3. Dimon is the owner and holder of a note (the "Note") dated January 27, 2011 in the original principal amount of Twenty-Eight Thousand and One-Hundred Twenty-Five and NO/100ths ($28,125.00) Dollars executed by Debtor and secured by a mortgage (the "Mortgage") against the real property commonly known as 38569 N. Sheridan Road, Unit 504, Beach Park, Illinois 60099 (the "Property").

4. On December 13, 2019, Dimon filed a Proof of Claim in the total amount of Fifty-Two Thousand Four Hundred Sixteen and 09/100ths ($52,416.09) Dollars.

5. Said Proof of Claim reflects a pre-petition default in the amount of Forty Thousand Two Hundred Ninety-Nine and 78/100ths ($40,299.78) Dollars.

6. Dimon objects to confirmation of the Amended Chapter 13 Plan filed on January 2, 2020 as it does not properly provide for repayment of the arrearage claimed and due to Dimon for its Mortgage.

7. Specifically, Part 3.1 of Debtor's proposed plan provides for payment of an arrearage on the Mortgage in the amount of Forty Thousand Two Hundred Ninety-Nine and 78/100ths ($40,299.78).

8. However, the Debtor's proposed plan provides for the Debtor to make 2 monthly payments in the amount of $800.00 and 34 additional

monthly payments in the amount of $1,000, for a total of $35,600.00, which is insufficient to satisfy the arrearage claim of Dimon.

9. Without factoring in plan payments for any other claim, just to cure the arrearage due to Dimon, the Debtor's monthly plan monthly payment toward the arrearage would be approximately $1,119.44.

10. There are currently past-due property taxes which are not accounted for in the plan.

11. The Debtor needs to allocate additional funds to the plan to provide for payment of the past-due property taxes.

12. Since the Debtor has committed 100% of his disposable income, the Debtor lacks any disposable income to commit to increased plan payments.

13. Since the Debtor appears to lack sufficient income to fund a feasible plan it also appears that the Debtor lacks the ability to successfully fund and complete a plan.

14. Without the Debtor having a reasonable likelihood of being able to propose a confirmable plan implies that the filing of the current case is part of a scheme to delay, hinder and defraud Movant and delay the judicial sale that was scheduled in the pending Foreclosure.

15. Accordingly, the Debtor's proposed plan impermissibly modifies the rights of Dimon as a secured creditor under 11 U.S.C. Section 1322 and should not be confirmed in its current form.

WHEREFORE, Dimon Homes, LLC requests that confirmation of the Debtor's Chapter 13 plan be denied, and for such other and further relief as is just under the circumstances.

Respectfully submitted,

Dimon Homes, LLC

By: /s/ Ashley K. Rasmussen

Cohen Dovitz Makowka, LLC
Ashley K. Rasmussen
Attorney No. 6308095
10729 West 159th Street
Orland Park, Il 60467
(708) 460-7711
Bankruptcy@cdm.legal