UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 |
| | ) | |
| VINCENT A. TORTORELLO, | ) | Case No. 19-30367 |
| | ) | |
| Debtor. | ) | Hon. Judge A. Benjamin Goldgar |

### NOTICE OF FILING

*The following persons or entities who have been served via electronic mail:*
U.S. Bankruptcy Trustee: USTPRegion11.ES.ECF@usdoj.gov
Cohen Dovitz Makowka, LLC: bankruptcy@cdm.legal

*The following persons or entities who have been served via first-class U.S. mail:*
Vincent A. Tortorello, 2717 Elizabeth Avenue, Zion, IL 60099

**Please take notice I filed Vincent A. Tortorello's Reply to the Response of Dimon Homes, LLC to Debtor's Objection to Notice of Postpetition Mortgage Fees, Expenses, and Charges**

### PROOF OF SERVICE

The undersigned certifies that copies of this Notice and attachments were served to the listed persons or entities, if service by mail was indicated above, by depositing same in the U.S. Mail at Wheeling, Illinois 60090, on or before September 11, 2020, before 5:00 p.m., with proper postage prepaid, unless a copy was provided electronically by the Bankruptcy Court.

DATE OF SERVICE: September 11, 2020          /s/ Michael R. Colter, II
                                             Michael R. Colter, II, A.R.D.C. #6304675

Attorney for the Debtor(s)
DAVID M. SIEGEL & ASSOCIATES
790 Chaddick Drive
Wheeling, IL 60090
(847) 520-8100

1

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 |
| | ) | |
| VINCENT A. TORTORELLO, | ) | Case No. 19-30367 |
| | ) | |
| Debtor. | ) | Hon. Judge A. Benjamin Goldgar |

**Debtor, Vincent A. Tortorello's Reply to the Response of Dimon Homes, LLC to Debtor's Objection to Notice of Postpetition Mortgage Fees, Expenses, and Charges**

NOW COMES the Debtor, Vincent A. Tortorello, by and through his attorney, David M. Siegel & Associates, LLC, to present this Reply to the Response of Dimon Homes, LLC, and in support thereof states as follows:

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1334 and Internal Operating Procedure 15(a) of the U.S. District Court for the Northern District of Illinois.

2. On October 25, 2019, the Debtor filed a voluntary petition for relief pursuant to Chapter 13 under Title 11 USC, Glenn Stearns was appointed Trustee, and the chapter 13 plan was confirmed on January 31, 2020.

3. The Debtors scheduled Dimon Homes, LLC (Dimon) as a secured claim with arrearage, and that claim is being paid pursuant to the terms of the confirmed plan.

4. On February 12, 2020, Dimon filed "Notice of Postpetition Mortgage Fees, Expenses and Charges" (Official Form 410S2) stating that $4,785.00 in attorney's fees had been incurred postpetition.

5. Dimon's February 12, 2020, Official Form 410S2 includes prepetition fees. This Chapter 13 was filed October 25, 2020. The "Detailed Statement of Account" dated 10/25/2019 shows five charges all incurred prior to filing (*See* Exhibit A, Document 48, page 9 of 20). None of the charges should be considered postpetition fees. Oddly, Dimon chose to include a portion

2

of prepetition fees in the first Notice of Postpetition Mortgage Fees, Expenses, and Charges (First Notice). Dimon included $860.00 of the total $1,512.50 listed on the Statement dated 10/25/2019, as a postpetition expense despite the billing dates all being prior to the 10/25/2019 filing date.

6. Dimon's attorneys charged $245.00 to create a client file in Clio (*See* Exhibit A, Document 48, page 11 of 20). This work was performed by a partner at a rate of $350.00 per hour.

7. On November 20, 2019, Dimon's attorneys charged $420.00 to prepare an initial draft of the proof of claim and supporting documents at a rate of $350.00 per hour (*See* Exhibit A, Document 48, page 13 of 20).

8. On December 10, 2019, Dimon's attorneys billed 2.10 hours to prepare a proof claim attachment and review the payment history for the proof of claim attachment charging a total of $735.00 to prepare the proof of claim attachment (*See* Exhibit A, Document 48, page 15 of 20).

9. On December 12, 2019, Dimon's attorneys again returned to this seemingly troublesome proof of claim resulting in a charge of $280.00 (*See* Document 48, page 15 of 20).

10. On December 13, 2019, Dimon's attorneys filed the proof of claim along with an objection to the confirmation of the proposed plan charging $280.00 for this work (*See* Exhibit A, Document 48, page 15 of 20). It is not clear how much time was actually spent filing the proof of claim alone. The First Notice includes $1,435.00 in attorney fees related to the proof of claim itself. The second Notice of Postpetition Mortgage Fees, Expenses, and Charges (Second Notice) lists a charge of $875.00 for amending the proof of claim. This brings the total fees charged for Dimon's proof of claim and amendments to $2,310.00.

11. On June 19, 2020, Dimon filed its Second Notice stating that an additional $2,995.00 in attorney's fees had been incurred postpetition.

12. On February 3, 2020, Dimon's attorneys charge a total of $700 for two partners of the firm to have a phone call with Tim Peres of Dimon Homes, LLC (*See* Exhibit A, Document 48, page 19 of 20). The call seems to deal with a routine matter and does not justify the need for two partners of the law firm to be on the same phone call. Moreover, Dimon was represented by this same law firm during the foreclosure case 17 CH 1585.

13. On February 6, 2020, Dimon's attorneys charged a total of $875.00 for two and one half hours of work amending the proof of claim. As mentioned earlier in this reply, this brings the total amount charged for proof of claim work to $2,310.00.

14. The Promissory Note and the Mortgage are governed by Illinois law.

15. A trial court has broad discretionary powers in awarding attorney fees and its discretion will not be reversed on appeal unless the court abused its discretion. *In re Estate Callahan*, 144 Ill.2d 32 (1991) citing *In re Estate of Healy*, 137 Ill.App.3d 406, 411 (App. Ct. 1985).

16. The burden of proof is on the attorney to establish the value of his services. *McHugh v. Olsen*, 189 Ill. App. 3d 508 (Ill. App. Ct. 1989). In determining the reasonableness of the fee, the court may look to various factors including: (1) the skill and standing of the attorney, (2) the nature of the case, (3) the novelty of the issues involved, (4) the significance of the case, (5) the degree of responsibility required, (6) the customary charges for comparable services, (7) the benefit to the client, and (8) the reasonable connection between the fees sought and the amount involved in the litigation. *Mercado*, 196 Ill.App.3d 483, 493 (App. Ct. 1990).

17. The First Notice contains $860.00 in fees which are clearly prepetition and should be denied.

4

18. Debtor contends that Dimon has not satisfied the criteria *J.B. Esker & Sons, Inc. v. Cle-Pa's Partnership*, 757 N.E.2d 1271, 325 Ill. App. 3d 276, 259 Ill. Dec. 136 (App. Ct. 2001).

19. Dimon has failed to provide evidence showing the skill and standing of the attorneys listed on the invoices. There is no indication of the attorneys' experience in handling bankruptcy matters.

20. Dimon has not shown the issues involved in their work were novel. It is routine for mortgage companies to be involved in Chapter 13 bankruptcies because it is the main mechanism for a debtor to avoid losing her home. Dimon states its principal business does not involve mortgage lending. Dimon has provided no proof to substantiate this statement. Furthermore, Dimon goes on to argue their counsel "was required to undertake extensive review of Dimon's payment records in order to accurate[ly] set forth the amount of debt owed by the Debtor. The Debtor does not have an obligation to finance the cost of Dimon familiarizing itself with the knowledge required to be a mortgage company. Dimon was also represented by Cohen, Dovitz, Makowka, LLC during the foreclosure case against Debtor 17 CH 1585. Dimon filed the foreclosure action on November 29, 2017. One can only draw the conclusion that Dimon and its attorneys had already reviewed an extensive portion of their payment history.

21. Dimon has charged a total of $2,310.00 for time preparing the proof of claim and the amended proof of claim. Dimon fails to explain why it was necessary to spend a total of 6.6 hours preparing the initial proof of claim and the amended proof of claim. Mortgage arrears in Chapter 13 are very common. Dimon has not explained why this case is different from so many other Chapter 13 cases filed to save a home from foreclosure. The only reason provided by Dimon is that they are unfamiliar with mortgages and mortgages in default.

22. Dimon fails to explain the need for two attorneys to bill $350 each to both participate in a phonecall with Tim Peres of Dimon Homes, LLC, on February 3, 2020 (*See* Exhibit A, Document 48, page 19 of 20). The old adage is that two heads are better than one, but when it burdens the Debtor with a $700.00 fee and Dimon provides no explanation for the need for two attorneys to be on the phone, it is excessive and unwarranted.

23. The First Notice and the Second Notice contain fees that are both excessive and unwarranted. Dimon fails to provide justification for the fees charged. The bankruptcy court sitting as the trial court in this situation has the authority to apply state law to determine the reasonableness of these fees.

WHEREFORE, the Debtor, Vincent A. Tortorello, prays that the Court sustain Debtor's Objection to the Notices of Postpetition Mortgage Fees, Expenses, and Charges filed by Dimon Homes, LLC and deny the fees sought in these Notices, and any other relief that this Honorable Court deems fair and proper.

Respectfully Submitted,

/s/Michael R. Colter, II
Michael R. Colter, II, A.R.D.C. #6304675
Attorney for the Debtor

David M. Siegel & Associates, LLC
790 Chaddick Drive
Wheeling, IL 60090
(847) 520-8100